No. 519
GATES et al v. BOYD et al
Ohio Appeals, 9th Dist., Summit County
No. 275. Decided May 6, 1924

1063. SALES—1. Oral conversations held admissible to explain written agreement—2. Where buyer gives seller reasonable notice of breach of warranty and seller fails to remedy situation, buyer may return goods.

FUNK, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by Gates on a contract to recover $1,190 with interest, the balance due for the purchase price of a threshing machine and certain attachments sold with it. Defendant filed an answer containing a general denial and a breach of warranty and asked for judgment for the money already paid on the machine. A reply was filed to this answer. The evidence disclosed that the defendants had purchased the machine in question and had not completely paid the same. It also disclosed that the machine did not perform the work as warranted. The warranty in question was: "the dealer warrants each machine ordered within to be well made of good material, and with proper use and management and reasonable conditions to perform the work for which it is made." A verdict was returned for the defendant for the amount claimed by him. The plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The evidence of oral conversations prior to the written agreement was admissible, as these conversations tended to show definitely just what the sellers claimed the machine and attachments were made for and what they in-tended to do and thus helped to clarify any uncertainty which might exist concerning the general warranty and did not contradict this written warranty.

2. As the purchaser gave the seller ample notice according to the terms of the contract that he claimed that the machine did not comply with the warranty, and gave the seller ample opportunity to make it fulfill the warranty, and as there was no evidence that the seller offered to replace the machine in controversy with another machine which would fulfill the warranty, the buyer had a right under the contract to return the machine and rescind the contract, even thoufh he had received the machine.

Attorneys—J. C. Conway, Elyria, for Gates et al; Glitsch & Stack, Lorain, for Boyd et al.